UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. __3:20-cv-280-JRW___
**ELECRONICALLY FILED**

PARKWOOD VILLAS COUNSEL OF CO-OWNERS, INC.                    PLAINTIFF

-vs-

NATIONWIDE GENERAL INSURANCE COMPANY                          DEFENDANT

---

NOTICE OF REMOVAL

---

Comes now the Defendant, Nationwide General Insurance Company (hereinafter, "Nationwide"), by and through counsel, and for their Notice of Removal herein, stated as follows:

1. That this Defendant hereby exercises its rights under the provisions of 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446 of the United States Code, to remove this action from the Circuit Court of Jefferson County, Kentucky in which such action is now pending.

2. That the Plaintiff filed this civil action in Jefferson Circuit Court, Commonwealth of Kentucky, styled <u>Parkwood Villas Counsel of Co-Owners, Inc. v. Nationwide General Insurance Company</u>, Civil Action No. 20-CI-001869, on March 12, 2020, alleging the Plaintiff is entitled to recover contractual benefits under a policy of insurance issued to it, by the Defendant, Nationwide General Insurance Company, arising from property damage caused by a storm that occurred on or about March 14, 2019.[1] The subject policy, identified as ACP BPHG3007579417, provided coverage for Building – Replacement Cost in the following amounts: $618,000 for 9813 to 9819 McNeely Lake Drive; $317,000 for 9816 to 9818 McNeely Lake Drive; $618,000 for 9808

---

[1] *See* attached record of Jefferson Circuit Court, attached hereto as **Exhibit A**, and Plaintiff's Complaint numerical paragraph 7, attached hereto as **Exhibit B**.

to 9814 McNeely Lake Drive; $616,700 for 9805 to 9811 McNeely Lake Drive; $317,800 for 9801 to 9803 McNeely Lake Drive; $616,700 for 9804 to 9806 McNeely Lake Drive; $317,800 for 6504 to 6506 Park Club Circle; $317,800 for 6505 to 6507 Park Club Circle; $618,00 for 6501 to 6503 Park Club Circle; $317,800 for 9713 to 9715 McNeely Lake Drive; $317,800 for 9709 to 9711 McNeely Lake Drive; $618,000 for 6508 to 6510 Park Club Circle; $618,000 for 6504 to 6506 Park Gate Court; $618,000 for 6500 to 6502 Park Chase Court; $618,000 for 6505 to 6507 Park Gate Court; $317,800 for 9705 to 9707 McNeely Lake Drive; $317,800 for 9701 to 9703 McNeely Lake Drive; $618,000 for 6501 to 6503 Park Chase Court; $317,800 for 9601 to 9603 McNeely Lake Drive; $629,700 for 9605 to 9611 McNeely Lake Drive; $618,000 for 9614 to 9616 McNeely Lake Drive; $317,800 for 9625 to 9627 McNeely Lake Drive; and $226,400 for "Clubhouse".[2] This resulted in a total amount of insurance coverage of $10,828,700. The Plaintiff has alleged that the Defendant breached its insurance contract by failing to make payment under said policy of insurance for damage to the insured premises.[3] The Plaintiff has produced a sworn proof of loss estimating the replacement cost value of the loss at $1,062,777.66, less the $5,000 deductible for a claim value of $1,057,777.66. To date, Nationwide has paid the sum of $605,821.63, representing its replacement cost value of $610,821.63 less the $5,000 deductible.[4] The Plaintiff seeks in this litigation to recover contractual damages in amount equal to the difference between Plaintiff's sworn proof of loss value of $1,057,777.66 and Nationwide's replacement cost payment of $605,821.63, totaling $451,956.03. In addition to the claims for these contractual benefits, the Plaintiff's Complaint also seeks extra-contractual damages from Defendant for common law bad

---

[2] *See* Nationwide Mutual Insurance Company Premier Businessowners Policy Declarations of policy number ACP BPHG3007579417, attached hereto as **Exhibit C**.
[3] *See* Plaintiff's Complaint, numerical paragraph 14, attached hereto as **Exhibit B**.
[4] *See* Plaintiff's Sworn Statement in Proof of Loss, attached hereto as **Exhibit D**; *See* Nationwide Estimate, attached hereto as **Exhibit E**.

faith and violation of the Kentucky Unfair Claims Settlement Practices Act, K.R.S. 304.12 et seq., associated with the investigation, evaluation and negotiation of the property damage claim.[5] Under these extra-contractual claims, the Plaintiff seeks statutory attorney fees and interest of 12% on the alleged damages of $451,956.03,[6] as well as punitive damages for the gross negligence of the Defendants.[7]

3. This notice of removal is timely filed under 28 U.S.C. § 1446, having been filed less than one year from the date of the commencement of the action and within thirty days (30) of acceptance of service of the Plaintiff's Complaint on or about March 31, 2020.

4. That based on information and belief, Plaintiff was a Kentucky corporation, incorporated and organized under the law of the Commonwealth of Kentucky, where it maintained its principal place of business. It is therefore considered a citizen and domiciliary of the Commonwealth of Kentucky, pursuant to 28 U.S.C. § 1332(c).[8]

5. That the Defendant, Nationwide General Insurance Company, is a general insurance company incorporated and organized under the laws of the State of Ohio, where Nationwide General Insurance Company maintains its principal place of business. It is therefore considered a citizen and domiciliary of the State of Ohio pursuant to 28 U.S.C. § 1332(c).

6. That there is complete diversity of citizenship between the Plaintiff and Defendant.

7. That under 28 U.S.C. § 1332(a), a federal court has original diversity jurisdiction over a matter where the suit is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.[9]

---

[5] *See* Plaintiff's Complaint, numerical paragraph 32-35, attached hereto as **Exhibit B**.
[6] *See* Plaintiff's Complaint, numerical paragraph 50, attached hereto as **Exhibit B**.
[7] *See* Plaintiff's Complaint, numerical paragraph 47, attached hereto as **Exhibit B**.
[8] *See* Parkwood Villas Counsel of Co-Owners, Inc., Kentucky Secretary of State Articles of Incorporation, attached hereto as **Exhibit F**; *see also* Plaintiff's Complaint, numerical paragraph 1, attached hereto as **Exhibit B**.
[9] While 28 U.S.C. § 1332 states that generally claims for interest and attorney fees may not be used to satisfy the amount in controversy, the 6th Circuit has held that claims for interest and attorney fees may be used to satisfy the

8. That under Federal law, in calculating whether the amount in controversy satisfies the Court's jurisdictional threshold of $75,000, the Court will aggregate all claims of a Plaintiff against the Defendant.[10] The subject litigation stems from property damage allegedly suffered by the Plaintiff due to a storm occurring on or about March 14, 2019. The Plaintiff has alleged that several condominium buildings suffered roof damage due to hail and high winds.[11] The Plaintiff has previously identified the damages flowing from the accident in their proof of loss statement. The Plaintiff's estimate for its repairs totaled $1,062,777.66. After deducting its $5,000 deductible the Plaintiff presented a proof of loss for the claimed replacement value of $1,057,777.66.[12] Nationwide conducted its own investigation and estimated the replacement cost value of the damaged property at $610,821.63, following a reduction based on Plaintiff's $5,000 deductible, Nationwide paid out a total of $605,821.63 on the claim. The Plaintiff seeks to recover the difference between its claimed amount and the amount previously paid by Nationwide, totaling $451,956.03. The Plaintiff has also included additional claims for punitive damages, statutory

---

amount in controversy for purposes of this Court's removal jurisdiction. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) ("As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees."); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167 (6th Cir. 1975) (holding statutory penalties and attorney fees are considered for jurisdictional purposes); *Hacker v. Aetna Life Ins. Co.*, No. 6:18-CV-334, 2019 U.S. Dist. LEXIS 23937, at fn. 3 (E.D. Ky. Feb. 13, 2019) (holding attorney fees can be included for jurisdictional purposes when statutorily mandared); *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 851 (E.D. Ky. 2006); *Thomas v. Allstate Prop. & Cas. Ins. Co.*, Civil Action No. 3:16-CV-00324-GNS-DW, 2017 U.S. Dist. LEXIS 3373 (W.D. Ky. Jan. 10, 2017).

[10] Federal Courts have aggregated claims against multiple defendants when then claims against Defendants have a common origin. *See Fechheimer Bros. Co. v. Barnwasser*, 146 F.2d 974, 977 (6th Cir. 1945) ("It is a settled general rule that, in a suit based on diversity of citizenship brought against several defendants on separate and distinct claims depending for their validity upon common origin"). *See also Church Joint Venture v. Blasingame*, Case No. 12-2999, 2013 U.S. Dist. LEXIS 197687, at *4 (W.D. Tn. Sept. 27, 2013) ("A court may aggregate a plaintiff's claims for purposes of determining the amount in controversy 'if multiple defendants jointly harm a common plaintiff…'") (citing *Hayfield v. Home Depot U.S.A., Inc.*, 168 F.Supp.2d 436, 447 (E.D. Pa. 2001)); *C.D. Peacock v. Meiman Marcus Group*, Civil Action No. 97-5713, 1998 U.S. Dist. LEXIS 2945 at fn. 2 (E.D. Pa. Mar. 12, 1998) ("A single plaintiff's claims against more than on defendant are aggregated to determine the jurisdictional amount in controversy only if the claims are so 'integrated' and 'tied together by combination or conspiracy, as to make the relief single'") (citing *Cottman Transmission v. Metro Distrib.*, 796 F. Supp. 838, 841 (E.D. Pa. 1992), vacated on other grounds, 36 F.3d 291 (3rd Cir. 1994)).

[11] *See* Plaintiff's Complaint, numerical paragraph 7, attached hereto as **Exhibit B**.

[12] *See* Plaintiff's Sworn Statement in Proof of Loss, attached hereto as **Exhibit D**.

attorney fees and statutory interest, which caused the sought-after damages to exceed this Court's jurisdictional threshold of $75,000. These extra-contractual claims include claims for interest, pursuant to K.R.S. 304.12-235, until the alleged property damages are paid. By applying the statutory interest to the real cash value of $451,956.03, this would equal approximately $54,234.72 per year afterward.[13] Additionally, Plaintiff has sought attorney fees under K.R.S. 304.12-235,[14] plus other unspecified compensatory and punitive damages resulting from the claim handling activities of Defendant. The Plaintiff's claimed damages of $451,956.03 alone satisfies the Court's jurisdictional threshold but when added to the claim for accrued interest and a conservative 1:1 punitive/compensatory damage ratio,[15] plus a standard contingency fee of one-third of the recovery,[16] it is clear that the amount in controversy arising from the subject of this litigation, as reflected in the aggregated claims of the Plaintiff, more likely than not exceeds $75,000.[17]

9. That under 28 U.S.C. §§ 1441, 1446, a Defendant may remove an action filed in state court to federal court provided that it could have initially been brought in federal court. That

---

[13] The underlying case is not presently scheduled for trial so this alleged interest will likely continue to accrue past October 10, 2020. In calculating the amount in controversy, Courts of the Sixth Circuit have permitted prospective damages to be considered in calculating the amount in controversy for jurisdiction purposes. *See White v. Loomis Armored US, Inc.*, 729 F. Supp. 2d 897, 902 (E.D. Mich. 2010); *Sleiman v. Nat'l. Cas. Ins.*, Case No. 11-10694, 2011 WL 2160271 (E.D. Mich. June 1, 2011).

[14] *See* K.R.S. 304.12-235(3); *Hamilton Mut. Ins. Co. v. Buttery*, 220 S.W.3d 287, 292 (Ky. Ct. App. 2007).

[15] *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered … unless it is apparent to a legal certainty that such cannot be recovered.") (citing *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)); *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 853 (E.D. Ky. 2006) ("the amount in controversy is met easily by combining the Plaintiff's assessment of the actual damages as being $30,000.00 … with a conservative 1-1 ratio of punitive damages, and attorney fees in an amount of thirty percent.") (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)).

[16] *See Bullock v. Am. Fid. Assur. Co.*, Civil Case No. 14-cv-313-JMH, 2015 U.S. Dist. LEXIS 26451 at *7-8 (E.D. Ky. Mar. 3, 2015) (holding attorney fees of 50% the disability benefit owed was reasonable.) (citing *Carrollton Hospitality, LLC v. Ky. Insight Partners II, LP*, Civil No. 13-21-GFVT, 2013 U.S. Dist. LEXIS 156032 at *4 (E.D. Ky. Oct 31, 2013) (holding that estimated attorneys' fees less than 50 percent was not unreasonable.); *Blocker v. PPG Indus.*, Civil Action No. 3:17-cv-29, 2017 U.S. Dist. LEXIS 126040 at *6 (W.D. Ky. Aug. 9, 2017) (holding statutory attorney fees were included in the amount in controversy).

[17] *Hackner v. Aetna Life Ins. Co.*, No. 6:18-CV-334-REW-HAI, 2019 U.S. Dist. LEXIS 23937 at *3-4 (E.D. Ky. Feb 13, 2019) ("To measure the amount in controversy based on claims for unspecified sum of attorney fees, punitive damages, and emotional/pain-and-suffering damages, courts permit removing parties to rely, for estimation purposes, on reasonable multipliers/percentages.").

under the provisions of the United States Code, this Court has original diversity jurisdiction over this matter because diversity of citizenship exists and the amount in controversy more likely than not exceeds $75,000.

10. That pursuant to 28 U.S.C. § 1441(a), a venue of the removed action is proper in the United States District Court for the Western District of Kentucky, at Louisville, as the district and division embracing the Court where Civil Action No. 20-CI-001869, <u>Parkwood Villas Counsel of Co-Owners, Inc. v. Nationwide General Insurance Company</u>, is now pending, that being Jefferson Circuit Court, Jefferson County, Kentucky.

11. That the Defendant, Nationwide General Insurance Company, does hereby remove this cause of action from the Circuit Court of Jefferson County, Kentucky to the United States District Court of the Western District of Kentucky, at Louisville.

12. That written notice of the filing of this Notice of Removal has this day been given to all parties to the action as required by law and a true copy of this Notice of Removal has this day been mailed to the Clerk of the Circuit Court of Jefferson County, as required by law.

WHEREFORE, the Defendant prays that this action be removed to this Court and that this Court accept jurisdiction of the action. The Defendant further prays that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instated in this Court.

Respectfully submitted this 17TH day of April 2020.

*s/ Darrin W. Banks*
Darrin W. Banks
Attorney for: Nationwide General Insurance Company
PORTER, BANKS, BALDWIN & SHAW, PLLC
327 Main St., P.O. Drawer 1767
Paintsville, Kentucky 41240

606-789-3747
606-314-0417
dbanks@psbb-law.com

## CERTIFICATE OF SERVICE

On April 17, 2020, I mailed and electronically filed this document through the ECF system, which will send notice of electronic filing to:

Hon. Erik D. Peterson
Mehr Fairbanks & Peterson
Trial Lawyers, PLLC
201 West Short St., Ste. 800
Lexington, Kentucky 40507
edp@austinmehr.com
*Attorney for Plaintiff*

*s/ Darrin W. Banks*
Darrin W. Banks
Attorney for: Nationwide General Insurance Company
PORTER, BANKS, BALDWIN & SHAW, PLLC
327 Main St., P.O. Drawer 1767
Paintsville, Kentucky 41240
606-789-3747
606-314-0417
dbanks@psbb-law.com