Filed              20-CI-001869    03/12/2020    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 20-CI-001869    03/12/2020    /s/David L. Nicholson, Jefferson Circuit Clerk

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. _____

PARK WOOD VILLAS COUNSEL OF CO-OWNERS, INC.          PLAINTIFF

v.            **PLAINTIFF'S ORIGINAL COMPLAINT**

NATIONWIDE GENERAL INSURANCE COMPANY                 DEFENDANT

Serve:

Corporation Service Company
421 West Main Street
Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\*

COMES NOW, Park Wood Villas Council of Co-Owners, Inc. (hereinafter referred to as "Park Wood" and/or "Plaintiff"), complaining of Nationwide General Insurance Company (hereinafter referred to as "Nationwide" and/or "Defendant") and respectfully show as follows:

## I.
## PARTIES AND PROCESS SERVICE

1. At all times material hereto, Plaintiff Park Wood was and is a Kentucky Non-Profit Corporation Company with its principal office in Jefferson County, Kentucky.

2. Defendant Nationwide is an insurance company engaging in the business of insurance in the State of Kentucky. Defendant may be served through their registered agent, Corporation Service Company, at 421 West Main Street, Frankfort, Kentucky 40601.

## II.
## VENUE

3. Venue is proper in Jefferson County, Kentucky because the insured property giving rise to this cause of action is situated in Jefferson County, Kentucky. KRS § 452.460.

## III.

EXHIBIT B

Filed              20-CI-001869    03/12/2020    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest 20-CI-001869    03/12/2020    /s/David L. Nicholson, Jefferson Circuit Clerk

Filed               20-CI-001869     03/12/2020      David L. Nicholson, Jefferson Circuit Clerk
A true copy attest  20-CI-001869     03/12/2020      /s/David L. Nicholson, Jefferson Circuit Clerk

## NOTICE AND CONDITIONS PRECEDENT

4. All other conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is otherwise estopped from raising same due to Defendant's prior breach of the insurance contract. Defendant has not been prejudiced by Plaintiff's action, inactions, or delays, if any.

5. Any failures that may have occurred on behalf of the Plaintiff have not prejudiced the Defendant in this case.

## IV.
## FACTS

6. Plaintiff is the owner of multiple condominium buildings located at 9710 McNeely Lake Drive, Louisville, Kentucky 40229-1747 (the "Property"). The Property was insured by insurance policy number ACP BPHG3037579417, issued by Defendant Nationwide (the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

7. On or about March 14, 2019, or another time when the Policy was in effect, a severe hail and windstorm caused substantial damage to the Property and constituted a covered loss under the Policy. After becoming aware of the damages to their Property as a result of the storm, Plaintiff made a claim and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy.

8. After the claim was received and assigned, Defendant assigned claim number 811427-GI (the "Claim") to the loss and began their investigation. Throughout the handling of Plaintiff's Claim, Defendant, through its agents, employees, and representatives, failed to comply with the Policy, the Kentucky Insurance Code and Kentucky law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

Filed               20-CI-001869     03/12/2020      David L. Nicholson, Jefferson Circuit Clerk
A true copy attest  20-CI-001869     03/12/2020      /s/David L. Nicholson, Jefferson Circuit Clerk

Filed           20-CI-001869   03/12/2020   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869   03/12/2020   /s/David L. Nicholson, Jefferson Circuit Clerk

9. Defendant assigned its adjusters to investigate the Claim. Defendant completed their inspection of the Property on approximately April 15, 2019. Defendant's inspection was performed with a pre-determined approach designed to aid in the wrongful denial and underpayment of Plaintiff's Claim. Defendant intentionally overlooked numerous areas of storm-caused damages on the Property. This led to a gross undervaluation and misrepresentation of the covered losses under the Policy.

10. The storm-caused damages from the loss were, or should have been, evident to Defendant from the outset of their investigation, but were intentionally overlooked in an effort to avoid payment as owed under the Policy.

11. Defendant further made numerous false allegations and statements with regards to their estimate of the damages. In two letters dated October 8, 2019 and September 9, 2019, Defendant represented that it reviewed its estimates with, and allegedly obtained approval from, Plaintiff's representative on the amount of damages and repair costs. These are false allegations made by Defendant which Defendant continuously relied on to avoid making full payment on the claim as owed.

12. Although Defendant had shared its estimates with Plaintiff's representative, the representative did not represent to Defendant that Defendant's valuation was approved nor agreed to.

13. Plaintiff's representative had instead recognized Defendant's failure to incorporate numerous items of storm-caused damages and provide a proper repair estimate. Defendant's misrepresentations to the contrary, in two separate correspondences, are clear evidence of Defendant's intentional and biased acts in the overall mishandling of Plaintiff's claim.

Filed           20-CI-001869   03/12/2020   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869   03/12/2020   /s/David L. Nicholson, Jefferson Circuit Clerk

Package:000005 of 000013
Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)
Package : 000005 of 000013

Filed          20-CI-001869   03/12/2020        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869   03/12/2020   /s/David L. Nicholson, Jefferson Circuit Clerk

14. Defendant failed to make full payment for the covered losses as owed under the Policy. Defendant's inadequate payment on the claim was based on its improper and gross undervaluation of the damages.

15. After the wrongful claim denial, Plaintiff was forced to retain a Public Adjusting firm to assist in the investigation of the Claim.

16. Defendant's acts and omissions, through their breach of contract, misrepresentations of the covered losses and policy terms, breach of the common law duty of good faith and fair dealing, and intentional violations of the Kentucky Insurance Code, caused Plaintiff to retain a Public Adjusting firm. This resulted in Plaintiff relinquishing a portion of any payment made on the Claim for the services provided by the Public Adjusting firm. Therefore, Plaintiff is entitled to recover a sum for these direct and foreseeable consequential damages from Defendant's wrongful acts and omissions.

17. Plaintiff's Public Adjuster inspected the Property and noted numerous areas of storm-caused damages that were omitted from Defendant's prior investigation. Plaintiff's Public Adjuster presented this estimate to Defendant on approximately August 28, 2019.

18. Despite receiving this information about the Claim, Defendant ignored this information and continued to improperly deny Plaintiff's Claim based on their prior misrepresentations and false contentions.

19. Instead, Defendant performed another reinspection of the Property in which it continued to misrepresent the covered losses at the Property. This once again led to the gross undervaluation of the storm-caused damages at the Property. Defendant indicated their position on the claim remained unchanged.

Filed          20-CI-001869   03/12/2020        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869   03/12/2020   /s/David L. Nicholson, Jefferson Circuit Clerk

Package:000006 of 000013
Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)
Package : 000006 of 000013

Filed            20-CI-001869    03/12/2020          David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869   03/12/2020      /s/David L. Nicholson, Jefferson Circuit Clerk

20. Defendant continued to improperly deny Plaintiff's claim based on prior misrepresentations. Defendant failed to readjust their prior estimates to account for the full extent of covered losses.

21. Defendant's acts and omissions have caused Plaintiff inconvenience and have resulted in Plaintiff's inability to make full and proper use of its Property.

22. Defendant was obligated to pay Plaintiff's Claim in full under the terms of the Policy. Defendant did not have a reasonable basis in law or fact for denying Plaintiff's Claim. Further, Defendant knew there was no reasonable basis for denying Plaintiff's Claim, or otherwise acted in reckless disregard for whether such a basis existed. Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff and bad faith in the handling of Plaintiff's Claim.

23. Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant failed to conduct a proper investigation or provide to Plaintiff a thorough estimate that incorporating the full extent of covered losses, and misrepresented to Plaintiff about the coverage of the Policy. Defendant relied on inapplicable policy exclusions and also misrepresented the coverage afforded by the Policy for direct physical loss.

24. Defendant has failed to acknowledge and has failed to act reasonably promptly upon communications with respect to the Claim.

25. Defendant has failed to adopt and implement reasonable standards for the prompt investigation of the Claim.

Filed           20-CI-001869    03/12/2020          David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869   03/12/2020      /s/David L. Nicholson, Jefferson Circuit Clerk

Package: 000007 of 000013
Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Filed            20-CI-001869   03/12/2020   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869   03/12/2020   /s/David L. Nicholson, Jefferson Circuit Clerk

26. Defendant has failed to make a good faith attempt to settle the claim and has failed to make payment to Plaintiff as owed under the Policy. As a result of Defendant's acts and omissions, Plaintiff is entitled to interest pursuant to KRS 304.12-235.

27. Defendant refused to pay the Claim as fully owed without first conducting a reasonable investigation based upon all available information. Further, Defendant has failed to attempt in good-faith to effectuate a prompt, fair and equitable settlement of the Claim in which their liability had become reasonably clear. Thus, their denial to fully compensate Plaintiff was a misrepresentation of the Policy and of pertinent facts. Defendant's conduct as described above constitutes a violation of KY. STAT. §304.12-230.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE

28. Defendant Nationwide is liable to Plaintiff for intentional breach of contract, intentional breach of the duty of good faith and fair dealing, bad faith, as well as intentional violations of the Kentucky Insurance Code.

29. Plaintiff reincorporates and realleges each and every preceding allegation as if fully set forth herein.

    **A.    COUNT ONE: Breach of Contract.**

30. The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Nationwide. Defendant, individually and by and through its agents, representatives, and employees, breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Kentucky law. Defendant's breach proximately caused Plaintiff injuries and damages within the minimal jurisdictional limits of this Court. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by

Filed            20-CI-001869   03/12/2020   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869   03/12/2020   /s/David L. Nicholson, Jefferson Circuit Clerk

Filed            20-CI-001869    03/12/2020    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    20-CI-001869    03/12/2020    /s/David L. Nicholson, Jefferson Circuit Clerk

Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

31. As a direct and proximate result of Defendant's breach, Plaintiff has sustained property damage, inconvenience, and has been denied full and proper use of its Property. Further, Plaintiff has incurred costs and expenses related to the loss of full and proper use of its Property, attorney fees, professional fees, and other costs, all to their damage in an amount exceeding the minimal jurisdictional limits of this Court.

### B.    COUNT TWO: Noncompliance with the Kentucky Insurance Code: Unfair Claims Settlement Practices Act.

32. The conduct, acts, and/or omissions by Defendant constituted Unfair Claims Settlement Practices pursuant to KY STAT.§ 304.12-230, in that Defendant did not attempt in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear, and by compelling its insured to institute litigation to recover a fair amount for the Claim.

33. As described above, Defendant knew there was no reasonable basis, or acted in reckless disregard for whether such a basis existed, in denying the Claim and/or failing to effectuate a prompt, fair, and equitable settlement of the Claim. Defendant was obligated to pay the Claim under the terms of the Policy, lacked a reasonable basis for denying the Claim, and either knew there was no reasonable basis for doing so, or acted with reckless disregard for whether such a basis existed. Defendant's acts and omissions constitutes bad faith and in violation of the Unfair Claims Settlement Practices Act, as outline in KRS 3014 12-230.

34. As a direct and proximate result of Defendant's bad faith and violations of the Unfair Claims Settlement Practices Act, Plaintiff has sustained property damage losses, inconvenience, and has been denied full and proper use of its Property. Further, Plaintiff has incurred costs and

Filed            20-CI-001869    03/12/2020    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    20-CI-001869    03/12/2020    /s/David L. Nicholson, Jefferson Circuit Clerk

Package:000009 of 000013

Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)

Package : 000009 of 000013

Filed          20-CI-001869   03/12/2020        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869   03/12/2020   /s/David L. Nicholson, Jefferson Circuit Clerk

expenses related to the loss of full and proper use of its Property, attorney fees, professional fees, and other costs, all to their damage in an amount exceeding the minimal jurisdictional limits of this Court.

35. Plaintiff asserts the bad faith and/or violations of the Unfair Claims Settlement Practices Act by Defendant were intentional, willful, wanton, reckless, and the acts of Defendant were grossly negligent, and constituted oppression and malice upon or towards Plaintiff thus entitling Plaintiff to an award of punitive damages to be determined by the jury.

### C. COUNT THREE: Negligence.

36. Defendant owed a duty to Plaintiff to exercise reasonable care in performing the repair of the Property.

37. Defendant so carelessly and negligently performed the repair of Plaintiff's Property as to constitute a breach of the duty they owed the Plaintiff.

38. As a direct and proximate result of this breach, Plaintiff has sustained property damage losses, inconvenience, and has been denied full and proper use of its Property. Further, Plaintiff has incurred costs and expenses related to the loss of use of its Property, attorney fees, professional fees, and other costs, all to their damage in an amount exceeding the minimal jurisdictional limits of this Court.

39. Plaintiff asserts that the actions of Defendant were intentional, willful, wanton, reckless, and the acts of Defendant were grossly negligent, and constituted oppression and malice upon or towards Plaintiff, thus entitling Plaintiff to punitive damages in an amount to be determined by a jury.

### D. COUNT FOUR: Breach of the Duty of Good Faith and Fair Dealing.

Filed          20-CI-001869   03/12/2020        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869   03/12/2020   /s/David L. Nicholson, Jefferson Circuit Clerk

Package:000010 of 000013
Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)
Package : 000010 of 000013

Filed               20-CI-001869   03/12/2020   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest  20-CI-001869   03/12/2020   /s/David L. Nicholson, Jefferson Circuit Clerk

40. Defendant's above-described acts and omissions breached the common law duty of good faith and fair dealing contained in the contract which was owed to Plaintiff by denying or delaying full payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear.

41. As a direct and proximate result of said acts and omissions, Plaintiff has sustained property damage, and inconvenience. Defendant's conduct proximately caused Plaintiff to be restricted to full and proper use of its Property, which caused Plaintiff to incur costs and expenses related to the loss of use of its Property, attorney fees, professional fees, and other costs all to their damage in an amount exceeding the minimal jurisdictional limits of this Court.

42. Plaintiff asserts that the actions of Defendant were intentional, willful, wanton, reckless, and the acts of Defendant were grossly negligent, and constituted oppression and malice upon or towards the Plaintiff, thus entitling them to punitive damages in an amount to be determined by a jury.

## VI.
## KNOWLEDGE

43. Each of the Defendant's acts described above, together and singularly, was done intentionally, knowingly, willfully, and with reckless disregard as the safety of Plaintiff, its property, its residents, the damages and claims.

## VII.
## DAMAGES

44. Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

45. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

Filed               20-CI-001869   03/12/2020   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest  20-CI-001869   03/12/2020   /s/David L. Nicholson, Jefferson Circuit Clerk

Package:000011 of 000013
Presiding Judge: HON. CHARLES L. CUNNINGHAM (630297)
Package : 000011 of 000013

Filed                    20-CI-001869    03/12/2020    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest       20-CI-001869    03/12/2020    /s/David L. Nicholson, Jefferson Circuit Clerk

46. For noncompliance with the Kentucky Insurance Code, Unfair Claims Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.

47. For knowing conduct of the acts complained of with respect to serious harm that was known to Defendant that would occur as a result of their misconduct, and Defendant's reckless disregard of the rights of Plaintiff, Plaintiff asks for an award of punitive damages under KRS § 411.186.

48. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

49. Defendant's acts and omissions, through their breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Kentucky Insurance Code, compelled Plaintiff to retain a Public Adjusting firm and relinquish a portion of any payment made on the Claim for the services provided by the Public Adjusting firm. Therefore, Plaintiff is entitled to recover a sum for these direct and foreseeable consequential damages from Defendant's wrongful acts and omissions.

50. For Defendant's failure to make a good faith attempt to settle the claim within the statutory time limits mandated under KRS 304.12-235, Plaintiff is entitled to twelve (12) percent interest per annum of the value of the final settlement. KRS § 304.12-235.

51. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the

Filed                    20-CI-001869    03/12/2020    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest       20-CI-001869    03/12/2020    /s/David L. Nicholson, Jefferson Circuit Clerk

Filed             20-CI-001869    03/12/2020    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869    03/12/2020    /s/David L. Nicholson, Jefferson Circuit Clerk

preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Kentucky. KRS § 304.12-235.

## VIII.
## JURY DEMAND

52. Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## IX.
## PRAYER

53. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

/s/ Erik D. Peterson
ERIK D. PETERSON (KBA NO. 93003)
**Mehr Fairbanks & Peterson**
 **Trial Lawyers, PLLC**
201 West Short St., Ste. 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
Email: edp@austinmehr.com

*Attorney for Plaintiff*

Filed             20-CI-001869    03/12/2020    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   20-CI-001869    03/12/2020    /s/David L. Nicholson, Jefferson Circuit Clerk